THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL DAVID CHANDLER,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [48] DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:09-cr-00705<br><br>District Judge David Barlow |

Defendant Samuel David Chandler filed a motion requesting early termination of his supervised release.[1] Mr. Chandler pleaded guilty to Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B).[2] He was sentenced to 120 months incarceration and a lifetime of supervised release.[3] Mr. Chandler has served the period of incarceration imposed and has completed approximately six years of supervised release.[4]

Under 18 U.S.C. § 3583(e)(1), the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to consider in evaluating early termination of supervised release include several of the factors considered in imposing a sentence:

---

[1] Defendant's Motion for Early Termination of Supervised Release ("Motion"), ECF No. 48, filed October 31, 2023.
[2] Statement in Advance of Plea, ECF No. 25.
[3] Judgment, ECF No. 31.
[4] Motion 1–2. ECF No. 48.

1

  • the nature and circumstances of the offense and the history and characteristics of the defendant;

  • the need for the sentence imposed to afford adequate deterrence to criminal conduct;

  • the need for the sentence imposed to protect the public from further crimes of the defendant;

  • the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  • the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  • the need to provide restitution to any victims of the offense.

18 U.S.C. § 3583(e)(1).

  In support of his motion for early termination of his supervised release, Mr. Chandler notes that he has been on supervised release for approximately six years, has had stable employment, housing, family support, and a supportive religious community. His motion is accompanied by two letters from himself, letters from his family and friends, a letter from his treatment provider, letters from past employers, and a letter from his ecclesiastical leader. The letters vary in their detail and focus on the considerations that are key to the court's assessment, but generally suggest Mr. Chandler has made considerable progress in improving the stability and trajectory of his life and choices.

  Mr. Chandler's motion for early termination generally suggests that there is nothing more that continued supervised release can accomplish. The court disagrees. In August and November 2021, Mr. Chandler engaged in conduct that suggests that there is more yet to be done. Probation

reports that the earlier conduct involved viewing adult pornography as well as viewing social media profiles of minor females. The latter conduct involved searching sexually explicit terms. Of course, more than two years have passed since then, but this conduct obviously suggests some risk given Mr. Chandler's criminal history.

The nature and circumstances of Mr. Chandler's offense, possession of child pornography, are extremely serious. The nature of the child pornography he possessed is detailed in the Presentence Report, which the court has reviewed. Mr. Chandler's criminal history is also significant. It includes two counts of sexual exploitation of a child, in which he possessed photos of nude young girls, ranging in age from approximately 8 to 14. The Presentence Report also documents apparent admissions from Mr. Chandler to even more grievous conduct.

The sentence imposed by the court included both the 10-year period of incarceration and lifetime supervised release. Those two components together help to deter Mr. Chandler from further offenses, as well as provide general deterrence by recognizing the seriousness of the offense. And even if, as Mr. Chandler suggests, terminating his supervision now would not cause an unwarranted sentencing disparity—based on the totality of his record and the facts before the court, no disparity would be caused by leaving the sentence unchanged. The court considers that the educational, vocational training, and medical care or other treatment issue does not alter the analysis here. Finally, no restitution apparently is still owing.

In sum, Mr. Chandler has presented evidence that he has made progress in the last few years. But the court is not persuaded that his conduct, the totality of the record, and the factors the court is required to and has considered, show that it is in the interest of justice for his supervised release to be terminated.

Accordingly, the Motion is DENIED.

Signed April 2, 2024.

BY THE COURT

_____
David Barlow
United States District Judge